ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FARRIS PHILLIPS,

               Petitioner,         02 Civ. 7002 (JSM)

     -v.-

UNITED STATES OF AMERICA,

               Respondent.        **OPINION and ORDER**
------------------------------------X
LOUIS GRIFFIN,

               Petitioner,         02 Civ. 7003 (JSM)

     -v.-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------X

JOHN S. MARTIN, JR., District Judge:

    Farris Phillips and Louis Griffin who in 1996, at the outset of their trial, pleaded guilty to participating in a racketeering enterprise which involved murders, attempted murders, robberies and narcotics distribution, bring this action pursuant to 28 U.S.C. § 2255 seeking to set aside their convictions. Their principal argument is that their rights were violated because the Government failed to provide them with information to which they were entitled under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) and Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972). They also contend that the indictment did not sufficiently allege that the charged conduct affected interstate commerce. Neither claim has merit.

At the outset it should be noted that the petitions which were filed in 2002 may be untimely because they were filed more than one year after Petitioners' convictions became final. However, this issue would require a factual determination concerning "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Since the claims asserted have no merit, the Court will reach the merits rather than attempt to resolve the factual issues involved in the statute of limitations issue.

Petitioners claim that they are entitled to have their convictions set aside because, prior to the time they pleaded guilty, they were not provided with Brady or Giglio material relating to two of the witnesses against them, Anthony Pope and Charles Leon Brown. This claim is without either factual or legal basis.

Although the memorandum of law in support of the petition stated that prior to their plea the Government counsel told Petitioners' counsel that Pope and Brown would testify, an affidavit from Griffin's trial attorney, which was submitted with their reply papers, states only that Government counsel "declined to say whether these two would be testifying." In addition, an affidavit filed in 1997 by the Assistant United States Attorney in charge of the prosecution of the Petitioner in connection with

2

applications by Pope and Brown to enforce their plea agreements, clearly indicates that by the time of Petitioners' trial the Government did not intend to call either of them. Since there is no claim that Brown and Pope would have exculpated Petitioners or were unknown to them, there is no factual basis for a claim that the prosecutors had an obligation to provide the Petitioners with any information about them.

In any event, even if Pope and Brown were to have been witnesses against Petitioners, the prosecution had no obligation to provide Brady or Giglio material to Petitioners prior to their pleas of guilty. The Supreme Court has expressly ruled that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant. United States v. Ruiz, 536 U.S. 622, 633, 122 S. Ct. 2450, 2457 (2002).

There is equally little merit to Petitioners' argument that the indictment against them was jurisdictionally defective because it failed to allege that the racketeering activity affected interstate commerce. As the Second Circuit noted in United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999):

> we have consistently upheld indictments that "do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir.), cert. denied, 423 U.S. 832; 96 S. Ct. 54, 46 L.Ed.2d 50 (1975).

Here, the indictment specifically alleged that Petitioners participated in the affairs of an enterprise "which was engaged in and the activities of which, affected interstate and foreign commerce." Moreover, Racketeering Act Twenty-Eight charged the Petitioners with conspiracy to distribute narcotics which clearly affects interstate commerce. United States v. Feliciano, 223 F.3d 102, 119 (2d Cir. 2000).

For the foregoing reasons, the petition for relief pursuant to 28 U.S.C. § 2255 is denied and the action is dismissed. In addition, pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal from this case may not be taken *in forma pauperis;* such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962). The Court determines that the petition presents no question of substance for appellate review and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

SO ORDERED.

Dated:  New York, New York
        August 7, 2003

JOHN S. MARTIN, JR.
U.S.D.J.

4