UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

FARRIS PHILLIPS,

Defendant.

---

94-Cr-631 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Farris Phillips moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), requesting that the Court modify the remainder of his twenty-eight-year term of imprisonment to home confinement. (Def.'s Suppl. Mot., ECF No. 484.). The government opposes this request. (Gov't Opp'n, ECF No. 490.) Because the Court finds that "extraordinary and compelling reasons" exist for such a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), the motion is granted.

I.  **BACKGROUND**

In July 1995, Phillips was arrested and charged with various crimes stemming from his participation in the 142nd Street Lynch Mob Crew, a Harlem-based organization that sold hundreds of kilograms of crack and powder cocaine and committed many acts of violence to further its drug distribution. (Presentence Investigation Report ¶¶ 1–3 [hereinafter PSR].) Phillips ultimately pleaded guilty to three counts: (1) racketeering conspiracy in violation of 18 U.S.C. § 1962(c), (2) possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and (3) conspiracy to assault with a dangerous weapon in violation of 18 U.S.C. § 1959(a)(6). (*Id.* ¶¶ 4–10.)

In September 1996, Judge John S. Martin sentenced Phillips, then twenty-four years old, to twenty-eight years' incarceration—below the applicable Sentencing Guidelines range but at the statutory maximum for his crimes—followed by three years of supervised release. (Def.'s Suppl. Mot. at 5–6; Gov't Opp'n at 2; *see also* PSR ¶ 116.) Judge Martin directed that the sentence be served consecutive to an earlier-imposed state court sentence. (*See* PSR ¶¶ 10(g)(i), 117; *see also* Def.'s Suppl. Mot. at 6; Gov't Opp'n at 2.) Now forty-nine years old, Phillips has been incarcerated for nearly twenty-eight years, which includes time spent serving his state sentence. (Def.'s Suppl. Mot. at 6.) The Bureau of Prisons (BOP) projects that he will be released on March 30, 2023. (*Id.*)

On April 5, 2020, the Court received a pro se letter from Phillips requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (*See* Def.'s Suppl. Mot. Ex. A, at 1–2.) His letter also attached several letters of support from family and friends. (*Id.* at 3–22.) After this first letter

was filed, Phillips submitted a request for compassionate release with the warden of his facility, the Federal Correctional Institution in Danbury, Connecticut (FCI Danbury), on May 7, 2020. (Gov't Opp'n Ex. A, at 1, ECF No. 490-1.) Phillips then filed, through counsel, a supplemental letter motion expanding upon his pro se letter (Def.'s Suppl. Mot. at 1), after which the government filed its opposition to Phillips's request (Gov't Opp'n at 1). The Court held a teleconference on the motion on May 22, 2020. The motion is now ready for determination.

## II. DISCUSSION

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed'; but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citation omitted) (quoting 18 U.S.C. § 3582(c)). One such exception is found in the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce a sentence of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court concludes that the statute's requirements are satisfied and that a sentence reduction is therefore warranted.

### A. Phillips Has Exhausted His Administrative Remedies

The compassionate-release statute authorizes a district court to reduce a sentence only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In other words, a defendant may request compassionate release upon his own motion only if (1) he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) thirty days have "lapse[d] . . . from the receipt of such a request by the warden of the defendant's facility." *Id.*

As already noted, Phillips submitted his request to the warden of FCI Danbury on May 7, 2020. (Gov't Opp'n Ex. A, at 1.) Given that date, the parties agree that Phillips may seek compassionate release with this Court commencing June 7, 2020 (Gov't Opp'n at 5; *see also* May 22, 2020 Tr. at 11:16–18, 12:13–14, ECF No. 494)—that is, "after . . . the lapse of 30 days from the receipt of [his] request by the warden." 18 U.S.C. § 3582(c)(1)(A). That date having passed, the Court concludes that Phillips has now exhausted his administrative remedies as required by the statute.

### B. A Sentence Reduction Is Warranted

"From the statutory text, three requirements for a sentence reduction under the compassionate-release statute can be derived." *United States v. Torres*, No. 87-Cr-593 (SHS), 2020 WL 2815003, at *5 (S.D.N.Y. June 1, 2020). First, the Court must "consider[] the factors

2

set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Second, there must be "extraordinary and compelling reasons warrant[ing]" a sentencing reduction. *Id.* § 3582(c)(1)(A)(i). Third, "such a reduction" must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). And, as this Court has previously explained, because "Congress delegated to the Sentencing Commission to define 'extraordinary and compelling reasons' in its 'general policy statements,'" the second and third conditions "collapse into a single requirement." *Torres*, 2020 WL 2815003, at *7. The Court concludes that the statute's requirements have been satisfied.

First, the sentencing factors outlined in section 3553(a) favor a sentence reduction. Section 3553(a) directs a sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the . . . the need for the sentence imposed" to facilitate retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). Here, Phillips has already completed by far the vast majority of his sentence, and there is little reason to believe that requiring him to serve the remaining portion of his sentence incarcerated would further achieve the goals of section 3553(a). (*See* Def.'s Suppl. Mot. at 11.)

Moreover, as the Supreme Court has emphasized, "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). Here, "the Government commends the steps the defendant has taken toward rehabilitation while in prison." (Gov't Opp'n at 11.) Indeed, as discussed below, Phillips appears to have been a model inmate while in prison, having receiving only two infractions during his decades-long incarceration. (Def.'s Suppl. Mot. at 11.).

To be sure, Phillips's crimes were, as the government asserts, "exceptionally serious and violent." (Gov't Opp'n at 10.) But given the substantial sentence already served by Phillips and the abundant evidence of his postsentencing rehabilitation, the Court concludes that his already-served term of imprisonment is "sufficient, but not greater than necessary, to comply with the purposes" of the federal sentencing scheme. 18 U.S.C. § 3553(a).

Second, the Court finds that "extraordinary and compelling reasons" exist for a sentence reduction. *Id.* § 3582(c)(1)(A). As this Court has held, under the First Step Act's amendments to the compassionate-release statute, "the Court may . . . consider the totality of the . . . circumstances in considering whether extraordinary and compelling reasons exist." *Torres*, 2020 WL 2815003, at *7. Here, the totality of the circumstances meet that test.

It is incontestable that "the COVID-19 pandemic presents an extraordinary and unprecedented threat to incarcerated individuals." *United States v. Scparta*, 18-cr-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 19, 2020). That is particularly true for Phillips, who suffers from hypertension, a condition the Centers for Disease Control and Prevention has recently designated as one that may lead to "an increased risk for severe illness from COVID-

19." *People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated June 25, 2020). Further, Phillips has been prescribed Carvedilol, Hydrochlorothiazide, and Lisinopril, all of which are angiotensin converting enzyme (ACE) inhibitors. (Def.'s Suppl. Mot. at 3–4.) Although much about COVID-19 is still unknown, preliminary medical literature suggests that ACE inhibitors may increase the risk of COVID-19 infection. *See* Lei Fang et al., *Are Patients with Hypertension and Diabetes Mellitus at Increased Risk for COVID-19 Infection?*, Lancet (Mar. 11, 2020), at 1, https://www.thelancet.com/action/showPdf?pii=S2213-2600%2820%2930116-8. Several courts—including this Court—have so recognized. *See, e.g.*, *United States v. Roman*, No. 19 CR. 116 (KMW), 2020 WL 1908665, at *2 (S.D.N.Y. Mar. 27, 2020); *United States v. Witter*, No. 19-Cr-568 (SHS), slip op. at 2 (S.D.N.Y. Mar. 26, 2020), ECF No. 40.

What is more, the conditions at FCI Danbury give cause for concern. "The vast majority of the inmates at FCI Danbury live in large dormitory halls lined with bunk beds, each housing roughly 50 or more inmates, with shared bathrooms and common spaces. This arrangement makes effective social distancing virtually impossible." *Martinez-Brooks v. Easter*, No. 3:20-CV-00569 (MPS), 2020 WL 2405350, at *4 (D. Conn. May 12, 2020). Indeed, Attorney General Barr has designated Phillips's facility, FCI Danbury, as a prison with "significant levels of infection." Memorandum from William Barr, Att'y Gen., to Dir., Bureau of Prisons 1 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download. True enough, figures from the BOP website suggest that conditions may be improving at FCI Danbury. *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated June 28, 2020). But the potential for infection to Phillips—given the increased risk for severe illness resulting from his hypertension—still supports finding "extraordinary and compelling reasons" for his release to home confinement.

Finally, the Court concludes, as already noted, that Phillips is fully rehabilitated. Again, he has received only two disciplinary infractions, despite having been incarcerated for nearly three decades. (Def.'s Suppl. Mot. at 11.) During that time, he has completed over sixty BOP educational programs and serves as a role model for younger inmates. (*Id.* at 12.) Along those lines, the many support letters submitted with his motion are replete with positive descriptions of Phillips's character. For example, his son Fabian—who was only five years old at the time of Phillips's incarceration—writes, "Although [Phillips has] been in prison for most of my life he's been the most positive influence and helped make me the man that I am today." (Def.'s Suppl. Mot. Ex. A, at 5.) Similarly, a former inmate at FCI Danbury, Azee Patterson, notes that Phillips "was a role model for a lot of guys" and "inspired [Patterson] to change." (*Id.* at 6.)

Certainly, both Congress and the Sentencing Commission have provided that "rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added); *accord* U.S. Sentencing Guidelines

Manual § 1B1.13 cmt. 3 (U.S. Sentencing Comm'n 2018). As this Court recently recognized, however, rehabilitation remains "relevant to whether there are extraordinary and compelling reasons for a sentence reduction." *Torres*, 2020 WL 2815003, at *9; *accord United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020). Put differently, "rehabilitation in combination with the other factors" can "constitute, in their entirety, . . . extraordinary and compelling reasons." *United States v. Cantu-Rivera*, No. CR H-89-204, 2019 WL 2578272, at *2 n.2 (S.D. Tex. June 24, 2019).

In short, the Court holds that the increased risk of severe COVID-19 to Phillips and his complete and thorough rehabilitation provide "extraordinary and compelling reasons" for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). Thus, the Court finds that the statutory criteria for a sentence reduction are satisfied and that a sentence reduction is warranted.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Farris Phillips's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court reduces Phillips's sentence to time served and modifies his three-year term of supervised release as follows:

1. The defendant shall serve the first 33 months of supervised release on home incarceration, to be enforced by GPS monitoring at the residence approved by the Probation Department.
2. In light of the COVID-19 pandemic, the defendant must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department.
3. The defendant is to possess or have access to a telephone that will allow video conferencing by the Probation Department.
4. The defendant is to report to the Probation Department on July 15, 2020 at 9:00 a.m., following 14 days of self-quarantine to have the GPS tracker affixed to his ankle.

Dated: New York, New York
June 30, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.